UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

CRAIG COLLINS,

       Plaintiff

                                                     Case No. 13-

vs.                                            Hon.

FRANK REWOLD AND SON, INC.
SUPPLEMENTAL RETIREMENT
BENEFIT PLAN and FRANK REWOLD
AND SON, INC.,

       Defendants.

---

Michael L. Pitt (P24429)
Kevin M. Carlson (P67704)
PITT, McGEHEE, PALMER,
RIVERS & GOLDEN, P.C.
Attorneys for Plaintiffs
117 West Fourth Street, Suite 200
Royal Oak, MI 48067
Tel: 248-398-9800
Fax: 248-398-9804
mpitt@pittlawpc.com
kcarlson@pittlawpc.com

---

**COMPLAINT**

Plaintiff Craig Collins brings this Complaint against Defendants Frank Rewold and Son, Inc. Supplemental Retirement Benefit Plan and Frank Rewold and Son, Inc. for breach of fiduciary duty and wrongful denial of benefits pursuant to Sections 204, 502 and 510 of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§1054, 1132, 1133 and 1140.

1

Collins brings this action as a substantive action to recover benefits and also as a <u>procedural challenge</u> to the Defendants' decisions as Plan Sponsor and Plan Administrator.

## INTRODUCTION

1. Plaintiff Craig Collins ("Collins") is a former employee of Frank Rewold and Son, Inc. ("the Company").

2. Collins was employed by the Company from 1986 to 2012.

3. In 2002, the Company established a Supplemental Retirement Benefit Plan ("the Plan") for certain employees.

4. The Company was the Plan Sponsor and Trustee of the Plan.

5. In 2006, Collins became a participant in the Plan

6. In 2011, the Company, acting in a dual capacity as Collins's employer and as Plan Sponsor/Trustee, terminated the Plan.

7. The Company, as Plan Sponsor and Trustee for the Plan, amended the Plan to provide for a single sum payment equal to the present value of Collins's notional account under the Plan, upon the termination of the Plan.

8. The Plan Amendment contains a "termination amendment," Section 2.4, which states:

> **2.4  Liquidation of Participant Accounts.**  Pursuant to Section 5.4 of the Plan, the present value of the amount credited to the Participant Account shall be distributed to the Participant in a single sum distribution effective June 30, 2012.

9. According to Defendants, as of the distribution date, the credits in Collins's Participant Account were valued at $145,281.50.

10. The Plan's obligations to Collins were funded by a whole life insurance policy held by Northwestern Mutual.

11. The Company deposited all annual contributions for Collins's Participant Account into Northwestern Mutual whole life insurance policy # 16 274 116.

12. The life insurance policy established a cash balance.

13. The Northwestern Mutual life insurance policy thus provided two forms of protection to Collins: (1) if Collins were to die before reaching his pension age, then a $250,000 death benefit would be payable to his beneficiaries; and (2) if Collins were to survive until he reached pension eligibility, then he would collect his full pension in accordance with the terms of the Plan, which was funded by the cash balance from the life insurance policy.

14. When the Plan was terminated, the Company used a portion of the cash balance from the life insurance policy to pay Collins a reduced benefit purportedly representing the "present cash value" of the balance credited to his pension account.

15. The Company kept the remainder of the cash balance from the life insurance policy for itself.

16. The Company thus realized a direct financial windfall as a result of the termination of the Plan and the liquidation of the life insurance policy.

17. Collins's rights as a participant were prejudiced by the termination of the Plan because (1) the amount that Collins received as the "present cash value" cannot be invested at a rate that would yield the full value of the account as of the dates on which the pension payments would be due; (2) the accelerated lump-sum payment (at its "present cash value") resulted in adverse tax consequences that would not have resulted from the ordinary pension

payments to Collins under the terms of the Plan; and (3) Collins was deprived of the full benefit of the whole life insurance policy.

18. The Termination Amendment, including Section 2.4, is invalid because it is infused with a conflict of interest between the Company's interests in receiving the balance of the whole life insurance policy and its obligations, as Plan Sponsor, to act in the best interests of Collins as a Plan Participant.

19. The conflict of interest, timing and disparate effects of the Termination Amendment amount to an abuse of discretion in violation of ERISA.

20. The Termination Amendment is therefore invalid and cannot be applied to Collins.

21. Under ERISA, Collins is entitled to a distribution of his account according to the terms of the plan as they existed before the Termination Amendment.

22. Because the Plan was funded by the cash balance of the Northwestern Mutual life insurance policy, the provisions of 29 U.S.C. §1101(a)(1) do not apply.

23. Under ERISA, Defendants owed strict fiduciary duties to Collins.  29 U.S.C. §1023(b)(3).

24. Under the circumstances, Defendants owed Collins a fiduciary duty to disclose their intentions, avoid making either intentional or negligent misrepresentations to Plan Participants and advise Collins of all relevant facts that threaten interests relevant to the fiduciary relationship.

25. In violation of their fiduciary duties under ERISA, Defendants amended the Plan and liquidated Collins's Participant Account in a manner that resulted in a windfall cash payment to the Company.

26. In violation of their fiduciary duties under ERISA, Defendants amended the Plan but failed to inform Collins of their true intentions with respect to the Amendment, which included their intention for the Company to collect a payment from the cash balance established as part of the Northwestern Mutual life insurance policy.

27. Under the terms of the Plan, specifically Section 6.9, Collins is entitled to "review pertinent documents" and the Plan is obligated to provide "[a] description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material information is necessary[.]"

28. As part of his administrative claim for benefits, Collins has asked to review pertinent documents in the form of any policy documents, correspondence and other materials related to Northwestern Mutual life insurance policy No. # 16 274 116.

29. In violation of their obligations under the plain terms of the Plan, the Company and the Plan have refused to provide Collins with all pertinent documents and have refused to include the life insurance documents as part of the administrative record.

30. Because the Plan and the Company are both the sponsor and administrator of the Plan, they are acting under an inherent conflict of interest in making decisions with regard to claims for pension benefits.

31. Defendants' appeal process is arbitrary and capricious and violated the rights afforded to participants, like Collins, to have a full and fair review of their claims by appropriate

2:13-cv-13945-PDB-DRG   Doc # 1   Filed 09/17/13   Pg 6 of 11   Pg ID 6

fiduciaries who interpret plan provisions for the "exclusive benefit of Plan participants" as required by ERISA § 503, 29 U.S.C. §1133.

## COUNT I

### ACTION UNDER ERISA § 503, 29 U.S.C. § 1132(a)(2)

### FOR DECLARATRORY RELIEF

32.    Plaintiff incorporates all preceding paragraphs by reference as if stated in full herein.

33.    Under ERISA § 503, Plaintiff is entitled to an administrative claims and appeals procedure that provides for "a full and fair review" of all claims for benefits.

34.    Defendants' termination of Plaintiff's pension benefits, as set forth above, is in direct violation of those protections afforded to Participants, like Plaintiff, under ERISA, and has resulted in a wrongful denial of Plaintiff's benefits.

35.    Because of the Plan's improper claims and appeals process, Plaintiff was wrongfully denied information and benefits to which he was entitled.

36.    Plaintiff attempted to remedy this procedural error to no avail.

37.    Plaintiff is entitled to a searching review of his claim for benefits, or alternatively, to a remand for redetermination and an award of full retroactive benefits from the date of termination/denial through the redetermination.

38.    Specifically, Plaintiff is entitled to a review of any and all documents related to Northwestern Mutual life insurance policy # 16 274 116 because his benefits under the Plan were funded via the cash balance established in that policy.

6

WHEREFORE, Plaintiff requests declaratory judgment pursuant to ERISA §502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), ERISA § 503, 29 U.S.C. § 1133 and 28 U.S.C. §2201, that he was wrongfully denied benefits and is entitled to such benefits as well as damages, interest, attorney fees, costs, injunctive relief and all other relief which this Court determines is just and equitable.

## COUNT II

### ACTION UNDER ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B)

### TO RECOVER FULL BENEFITS

39. Plaintiff incorporates all preceding paragraphs by reference as if stated in full herein.

40. Defendants' decision to terminate the Plan and deny pension benefits to Plaintiff is arbitrary and capricious and violates ERISA.

41. As a direct result of Defendants' wrongful decision, Plaintiff has been wrongfully denied pension benefits.

42. Defendants' termination and denial of pension benefits to Plaintiff was arbitrary and capricious in light of the evidence supporting Plaintiff's claim for benefits and in light of the plain language of the Plan.

43. Defendants' termination and denial of pension benefits to Plaintiff was arbitrary and capricious in light of the plain language of the Plan regarding breaks in service.

44. Defendants' termination and denial of pension benefits to Plaintiff was arbitrary and capricious in light of the plain language of the Plan regarding the conditions which must

exist in order for the Sponsor to terminate the Plan and to change the methods for benefit payment.

45. Defendants' termination and denial of pension benefits to Plaintiff was arbitrary and capricious in light of the fact that none of the conditions precedent to the termination of benefits existed to support the Plan's termination and denial of Plaintiff's pension benefits.

WHEREFORE, Plaintiff requests declaratory judgment pursuant to ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B) and 28 U.S.C. §2201, that Plaintiff is entitled to full pension benefits and all other damages, interest, attorney fees, costs, injunctive relief and all other relief which this Court deems just and equitable.

## COUNT III

## PROCEDURAL CHALLENGE

## PURSUANT TO 29 U.S.C. §1133

46. Plaintiff incorporates all preceding paragraphs by reference as if stated in full herein.

47. In addition to his substantive claim for benefits, Collins brings this action as a procedural challenge to the Defendants' decisions to deny his claim for benefits and to deny him procedural due process in accordance with the terms of the Plan and 29 U.S.C. §1133.

48. Plaintiff alleges that Defendants carried out their duties as Plan Sponsor and Plan Administrator with bias and pursuant to a conflict of interest.

49. Under the terms of the Plan, specifically Section 6.9, Collins is entitled to "review pertinent documents" and the Plan is obligated to provide "[a] description of any additional

material or information necessary for the claimant to perfect the claim and an explanation of why such material information is necessary[.]"

50. As part of his administrative claim for benefits, Collins has asked to review pertinent documents in the form of any policy documents, correspondence and other materials related to Northwestern Mutual life insurance policy No. # 16 274 116.

51. In violation of their obligations under the plain terms of the Plan, the Company and the Plan have refused to provide Collins with all pertinent documents and have refused to include the life insurance documents as part of the administrative record.

52. The Defendants' decision to withhold pertinent evidence has deprived Collins, the Plan Administrator and the Court of material evidence that would impact Collins's procedural rights under the Plan and also his right benefits under the terms of the Plan.

53. Defendants have deprived Collins of due process in their administration of the Plan.

54. There is a reasonable basis to believe that the Defendants' bias and conflict of interest has solidified into actions to promote the Company's financial welfare at the expense of a full and fair evaluation of Collins's claim for benefits.

55. Specifically, there is good cause to believe that Defendants realized a windfall cash payment by liquidating the cash balance account of the Northwestern Mutual life insurance policy.

56. Good cause exists to allow limited discovery in this case because (1) Collins has identified a specific procedural challenge concerning the Defendants' decision to terminate the Plan and deny benefits; (2) Collins has made an initial showing to the Court that there is a

reasonable basis to make this procedural challenge; (3) Collins is entitled to review the evidence in question pursuant to Section 6.9 of the Plan; (4) the Plan Sponsor and Plan Administrator have wrongfully refused to include the evidence as part of the administrative record; and (5) the Plan Sponsor and Plan Administrator have concealed the evidence in furtherance of their bias and conflict of interest in the administration of Collins's claim for benefits.

57. Limited discovery is necessary to determine whether the benefit plan at issue was "funded."

58. Limited discovery is necessary to enable the Court to determine how much weight to accord to the conflict of interest that infused Defendants' decisions with regard to Collins's benefits.

WHEREFORE, Plaintiff requests an Order requiring limited discovery to determine the full extent to which Defendants' unlawful policies, procedures, practices and actions have interfered with the fair review of his claim for benefits.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Craig Collins respectfully requests the following relief:

1. An order compelling Defendants to pay Plaintiff forthwith the full amount of benefits due to him and to continue such payments for the period set forth in the Plan, including interest on all unpaid benefits; along with any and all such other legal or equitable relief as may be just and appropriate.

2. An order compelling an accounting and award of all benefits lost to date and all costs and fees associated with pursuing or conducting said accounting;

3. An order requiring Defendants to produce all pertinent documents for review including, but not limited to, all documents pertaining to Northwestern Mutual life insurance policy # 16 274 116 and all documents related to Defendants' receipt of cash upon liquidation of that policy.

4. An Order requiring limited discovery, including depositions of all decision-makers, to determine the full extent to which Defendants' unlawful policies, procedures, practices and actions have interfered with the fair review of Collins's claim for benefits.

5. An award of reasonable attorneys' fees and costs pursuant to ERISA §502(g)(1), 29 U.S.C. §1132(g)(1).

                Respectfully Submitted,

                PITT, MCGEHEE, PALMER,
                RIVERS & GOLDEN, P.C.

                */s/  Kevin M. Carlson* (P67704)
                Kevin M. Carlson (P67704)
                Michael L. Pitt (P24429)
                Attorneys for Plaintiff
                117 West Fourth Street, Suite 200
                Royal Oak, MI 48067
                kcarlson @pittlawpc.com
                mpitt@pittlawpc.com

Date:  September 13, 2013